TWIN BELL OIL SYNDICATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29518.   Promulgated May 25, 1932.

*John B. Milliken, Esq., George H. Koster, Esq.,* and *Claude I. Parker, Esq.,* for the petitioner.

*J. L. Backstrom, Esq.,* and *Arthur Carnduff, Esq.,* for the respondent.

OPINION.

MATTHEWS: The only issue which need be considered is whether the petitioner is a trust or an association taxable as a corporation.

The petitioner filed returns as a trust for 1922 and 1923, the 1922 return being filed on May 15, 1923, and the 1923 return on March 14, 1924. The petitioner contends that it is taxable as a trust for these years by virtue of section 704(a) of the Revenue Act of 1928, set out in the margin.[1] The rulings of the Commissioner referred to in this section are those cited in *E. A. Landreth*, 15 B. T. A. 655; *Wilkens & Lange*, 15 B. T. A. 1183; *Woodrow Lee Trust*, 17 B. T. A. 109; and *Van Cleave Trust*, 18 B. T. A. 486.

In actual practice, as well as under the terms of the trust instruments, the trustees had exclusive and complete control and management of the trust property. They kept the records of the trust; they determined the policy with respect to the declaration of dividends; they fixed the amounts of reserves to provide for contingent liabilities; they negotiated and executed the contracts for the disposal of the oil and gas produced from the trust property, and in general conducted all the affairs of the trust, whatsoever they might be. The trustees alone could renew their numbers and alone (but unanimously) could alter or amend the trust. The beneficiaries had no voice in these matters, never held a meeting, and had no rights in connection with the actual operation of the trust. All certificates of beneficial ownership declared on their face that they were issued subject to all the provisions of the original trust instrument as amended, and that the liability of holders was limited to the trust property.

The petitioner was organized to carry on actively, and did so carry on, the business of drilling for oil and selling oil from its wells. In doing so, however, it was controlled absolutely by the trustees. It bore no resemblance in this respect to a corporation which is controlled and directed by its stockholders acting through directors. The trustees were here the real masters of the situation, unchecked by the veto of the holders of the beneficial interest.

---

[1] Sec. 704. (a) If a taxpayer filed a return as a trust for any taxable year prior to the taxable year 1925 such taxpayer shall be taxable as a trust for such year and not as a corporation, if such taxpayer was considered to be taxable as a trust and not as a corporation either (1) under the regulations in force at the time the return was made or at the time of the termination of its existence, or (2) under any ruling of the Commissioner or any duly authorized officer of the Bureau of Internal Revenue applicable to any of such years, and interpretative of any provision of the Revenue Act of 1918, 1921, or 1924, which had not been reversed or revoked prior to the time the return was made, or under any such ruling made after the return was filed which had not been reversed or revoked prior to the time of the termination of the taxpayer's existence.

We held in the four decisions of the Board cited above that under the rulings of the Commissioner in force during the years 1922 and 1923, the Bureau was consistently holding that irrespective of whether the taxpayer was engaged in business under corporate forms, it was taxable as a trust in all cases where the shareholders could not control the actions of the trustees. The petitioner meets this test.

As the petitioner filed returns as a trust for the years 1922 and 1923, and is within the definition of a trust applied by the Commissioner in 1922 and 1923, it is taxable as a trust for such years. Our conclusion makes it unnecessary to consider the second issue.

*Judgment will be entered for the petitioner.*

*John B. Milliken, Esq., George H. Koster, Esq.,* and *Claude I. Parker, Esq.* for the petitioner.

*J. L. Backstrom, Esq.,* and *Arthur Carnduff, Esq.,* for the respondent.